U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR - 6 2017

TONY R. MOORE, CLERK
BY: _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **JUAN GASPARD** | **CIVIL ACTION NO. 2:16-01431** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **BECHTEL CORP. INC.** | **MAG. JUDGE KAY** |

## MEMORANDUM RULING AND ORDER

Before the court is "Defendant Bechtel Corporation's Rule 12 (b)(6) Motion to Dismiss" (R. #5) wherein defendant, Bechtel Corporation Inc. ("Bechtel") moves the court to dismiss the instant complaint. Bechtel maintains that Plaintiff, Juan Gaspard's claims fail as a matter of law because the Complaint fails to identify the necessary predicate of an actual violation of a specific state law. Bechtel complains that the Complaint hinges on unspecified violations of "health and safety laws, rules and regulations" that stem from the Occupational Safety & Health Act ("OSHA"), 29 U.S.C. § 651 et seq. Bechtel maintains that Mr. Gaspard's allegations that the employer violated federal law are insufficient to support the Louisiana Whistleblower Statute ("LWS") claims; consequently, the complaint fails to state a cause of action upon which relief can be granted.

## FACTUAL ALLEGATIONS

In his complaint,[1] Mr. Gaspard makes the following allegations: Plaintiff was employed by Bechtel Oil, Gas and Chemicals, Inc. ("BCOGC")[2] at the site of its project at the Cheniere Sabine Pass Liquefied Natural Gas Facility in Cameron Parish, Louisiana. Mr. Gaspard alleges that he advised BCOGC of certain violations of both state and federal laws during his term of employment in a good faith effort to remedy those problems. After reporting the alleged violations, Mr. Gaspard disclosed the violations to the Department of Labor and/or OSHA and filed a formal complaint with the Secretary of Labor alleging various violations of the Occupational Safety & Health Act ("OSHA").[3] The complaint was dismissed by letter dated March 7, 2016. Mr. Gaspard alleges that he not only refused to participate in BCOGC's unlawful practices, but he disclosed those practices he believed were in violation of state and federal laws, rules and regulations to his employer.

Mr. Gaspard's state law claims are based on Louisiana Revised Statute 23:967[4]; he asserts protection from reprisal and prohibited practices.

---

[1] R. #1.
[2] Bechtel Corporation is the parent company of BCOGC and has been named as a defendant in this lawsuit; collectively these defendants will be referred to as "Bechtel".
[3] 29 U.S.C. § 660(c), et seq.
[4] La. R.S. provides in pertinent part, the following:
    A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
       (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
       (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
       (3) Objects to or refuses to participate in an employment act or practice that is in violation of law. . .

## **RULE 12(b)(6) STANDARD**

Fed. R. Civ. P. 8(a)(2) requires that pleadings which state one or more claims for relief must contain "...a short and plain statement of the claim showing that the pleader is entitled to relief..." This "notice pleading" requirement is balanced against Fed. R. Civ. P. 12(b)(6), which provides that a court may dismiss one or more claims when the pleader fails to state a claim upon which relief may be granted.

For the purpose of considering a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled factual allegations as true and must view them in the light most favorable to the plaintiff.[5] The pleading must allege facts which, when taken as true, raise the pleader's claim. A motion to dismiss for failure to state a claim should be denied unless "it appears to a *certainty* that the plaintiff would be entitled to no relief under any state of facts" alleged in the petition.[6]

Only those facts which are well-pleaded and state a "plausible claim for relief" must be accepted.[7] A claim is plausible when the court can reasonably infer from the facts that the defendant is liable to the plaintiff; a claim is not plausible when it only states conclusions of a "formulaic recitation of the elements of a cause of action."[8] However, even those facts which are extremely doubtful are to be assumed correct.[9]

---

[5] In re Katrina Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007) (internal citations omitted).
[6] Banco Contintental v. Curtiss Nat'l Bank of Miami Springs, 406 F.2d 510, 514 (1969)(quoting Arthur H. Richland Co. v. Harper, 302 F.2d 324, 325 (5th Cir. 1962)(citing Des Isles v. Evans, 200 F.2d 614, 615 (5th Cir. 1952); Millet v. Godchaux Sugars, Inc., 241 F.2d 264, 265 (5th Cir. 1957)).
[7] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
[8] Whitley v. Hanna, 726 F.3d 631, 638 (2009)(quoting Ashcroft, 556 U.S. at 678).
[9] Twombly, 550 U.S. at 555; Lindquist v. City of Pasadena, 525 F.3d 383, 386 (5th Cir. 2008).

## LAW AND ANALYSIS

To properly state a claim under the Louisiana Whistleblower Statute ("LWS"), Plaintiff must prove: (1) Bechtel violated a state law through a prohibited workplace practice: (2) Plaintiff advised Bechtel of the violation; (3) Plaintiff then refused to participate in the prohibited practice or threatened to disclose the practice; and (4) Plaintiff was fired as a result of his refusal to participate in the unlawful practice.[10] The LWS requires that the plaintiff prove his/her employer "actually violated a state law;" a good faith belief is not enough.[11] Only violations of state law, not federal law, can support a cause of action under the LWS.[12] Louisiana state and federal courts have consistently dismissed LWS claims based on federal law.[13] Our Fifth Circuit Court of Appeals has found that a plaintiff must point to a specific provision of state law which the employer violated.[14]

BCOGC maintains that the instant complaint must be dismissed because it fails to state a cause of action under state law. Plaintiff maintains that the complaint alleges various violations of regulations, law and the company's own policy including (1) Various OSHA violations, (2) fraudulent allegations as a pretext for firing, (3) failing to correct safety violations caused by ignoring established safety rules and/or caused by a language barrier.

---

[10] Hale v. Touro Infirmary, 886 So.2d 1210, 1214 (La.App. 4th Cir. 2005).
[11] Accardo v. Louisiana Health Services and Indemnity Co., 943 So.2d 381, 387 (La.App. 1st Cir. 2006).
[1212] Encalarde v. New Orleans Center for Creative Arts, 158 So.3d 826, 827 (La.2015)("In or der to bring an action under [the LWS], the employee must establish the employer engaged in workplace conduct constituting an actual violation of state law. Citing Accardo, 943 So.2d at 387.
[13] See e.g. Hale v. Tour Infirmary, 886 So.2d 1210, 1214 (La.App. 4th Cir. 2005).
[14] Genella v. Renaissance Media, 115 Fed. Appx. 650, 652 (5th Cir. 2004) "[plaintiff] failed to indicate which state law as violated by [the employer]" citing Ware v. CLECO Power LLC, 90 Fed. Appx. 705, 709 (5th Cir. 2004).

Plaintiff maintains that BCOCG violated Louisiana 23:13[15] multiple times. Specifically, he alleges that (1) at a training meeting on or about September 2, 2015, he complained of witnessing numerous violations of state and federal laws including miscommunications between non-English speaking employees operating heavy equipment in violation of safety laws.[16] On September 10th and 11th, Plaintiff refused to work after complaining of federal and state health and safety violations.[17] Plaintiff further asserts that Defendant violated Louisiana Revised Statute 23:14[18]; Plaintiff alleges that BCOCG allowed employees to manipulate records, forge signatures, and to cause his timecard and plant access card to be "turned off."

As noted by BCOGC, the complaint fails to assert with certainty what state laws Defendant violated. The court agrees with Defendant that the complaint is inadequate as to Defendant's acts or failure to act, in violation of state law and also in failing to identify the state laws allegedly violated. Therefore, it is

**IT IS ORDERED** that the Plaintiff be allowed 30 days from the date of this order to amend his complaint to allege with specificity the actions and/or inactions of the Defendant and the

---

[15] Every employer shall furnish employment which shall be reasonably be safe for the employees therein. They shall furnish and use safety devices and safeguards, shall adopt and use methods and processes reasonably adequate to render such employment and the place of employment safe in accordance with the accepted and approved practice in such or similar industry or places of employment considered normal hazard of such employment, and shall do every other thing reasonably necessary to protect the life, health, safety and welfare of such employees. Nothing in this Section shall apply to employment in private domestic service or to agricultural field occupations.
[16] Complaint, ¶ 17, R. #1.
[17] Id.
[18] LSA-R.S. 23:14 provides as follows:
    A. Every employer shall furnish to the commission all information which the executive director or his representative may require. Every employer shall make true and specific answers to all questions submitted by the commission, orally or in writing, as required by the commission.
    B. Every employer shall keep a true and accurate record of the name, address, and occupation of each person employed by him, of the daily and weekly hours worked by, and of the wages paid each pay period to each employee. These records shall be kept on file for at least one year after the date of the record.

Louisiana laws allegedly violated by such actions or inactions. Failure to comply with this order will result in the granting of Defendant's 12(b)(6) motion and the dismissal of this lawsuit.

The motion for dismissal is **DENIED** at this time, subject to the foregoing.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 6th day of March, 2017.

_____
**JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT JUDGE**